R. S. PULLEN *vs.* THE COMMISSIONERS OF WAKE COUNTY.

1. The General Assembly have an unlimited right to tax all persons domiciled within the State, and all property within the State, except so far as this right has been limited by the Constitution, either by express words or by necessary implication.

2. The General Assembly has under this general power, the right to tax legacies, collateral descents, &c., and when such tax is imposed upon the succession, or on the right of the legatee to take under the will, the power is not restrained or limited by the provisions of the Constitution relative to the tax on property.

3. Therefore the Revenue Act of 1870-'71, imposing a tax on legacies, &c., is not unconstitutional, yet it cannot be retrospective in its character.

This was a petition to correct the tax list for the year 1871, heard before Watts, Judge, at the Special Term of Wake Superior Court, January. 1872.

The petition was heard before the County Commissioners of Wake.

They refused to grant the relief prayed for, and the petitioner appealed to the Superior Court.

Upon the hearing before Judge Watts, the order of the Commissioners was reversed, and an order made to correct the tax list. From this order, &c. The Commissioners appealed to the Supreme Court.

The facts upon which the application is founded, are sufficiently stated in the opinion of the Count.

*Moore & Gatling*, for petitioner.
*Attorney General* and *Badger*, for the Commissioners.

RODMAN, J, Penelope Smith died in October, 1870, leaving a will by which she bequeathed $30,000 of personal property to strangers., and made the plaintiff her executor.

The executor presented his complaint to the Commissioners for Wake county, that the said property had been assessed for taxation for the year 1871, at the rate of 2½ per cent on its value for a tax to the State, and a like rate for the county ; and prayed that he might be relieved of the tax. The Commissioners refused his demand, whereupon he appealed to the Superior Court, where the Judge corrected the tax list by striking out the tax altogether, from which order the Commissioners appealed to this Court.

Supposing that the Legislature has a constitutional right to impose a tax on legacies to other than lineal descendants, we think His Honor was wrong in striking out the tax altogether.

It is clear that the legacy cannot be taxed under the Act of April 1871, (Acts 1870–'7I, ch. 227,) which does not profess to be retrospective, and could not constitutionally be so. "Constitution, Bill of Rights, sec. 32." If taxable at all, it was so under the Act of 1869–'70, ch. 108, which was in force at the death of the testatrix, and imposed a tax of one per cent. on the value of the legacy. It does not appear that the Commissioners had imposed any tax on legacies before the death of the testatrix. They were not entitled to impose any afterwards to effect her estate. So that the only question presented, is upon the validity of the tax of one per cent. imposed by the Act of 1869–'70.

It will be assumed in the present case as an axiom not needing discussion that the Legislature has an unlimited right to tax all persons domiciled within the State, and all property within the State, except so far as that right has not been limited either by express words of the State Constitution, or by plain implications. The power to tax is an attribute of sovereignty so vital and so necessary to the existence of a State, that it cannot be held to have been forbidden as to any particular subject, except where the policy obviously commends itself to our sense of justice, or is most clearly expressed. *McCullouch* v. *State of Maryland*, 4 Wheat. 316.

It is contended, however, that this sovereign right has been so limited by that provision of the Constitution which requires that all property shall be taxed uniformly, and which limits the rate of State taxation to a maximum of two-thirds of one per cent.

Undoubtedly if the tax in question must necessarily be regarded as a tax on property, the objection would be irresistable, since this property is not only taxed uniformly with other property, but is subjected to taxation as a legacy in addition. But we do not regard the tax in question as a tax on property, but rather as a tax imposed on the succession. on the right of the legatee to take under the will, or of a collateral distribution in the case of intestacy. The counsel did not refer us to any authority on the point and we are not aware of any. The cases of *Alvany* v. *Powell*, 2 Jones Eq. 51, and *State* v. *Brim*, 4 Jones Eq. 300, have no bearing on it. They merely construe the statute then existing, and hold that its intention was to make the actual location of the property at the death of the predecessor a test of its liability to the tax, rather than his domicil, which last had been the rule in the English decisions. Neither can it be held a tax on property merely because the amount of the tax is measured by the value of the property.

Putting these arguments aside: is there any reason why the State shall be denied the power to tax a succession whether it be by gift *inter vivos*, or by will or intestacy? Property itself as well as the succession to it is the creature of positive law. The legislative power declares what objects in nature may be held as property; it provides by what forms and on what conditions it may be transmitted from one person to another; it confines the right of inheriting to certain persons whom it defines heirs, and on the failure of such it takes the property to the State as an escheat.

The right to give or take property is not one of those natural and inalienable rights which are supposed to precede all government, and which no government can rightfully impair.

R. S. Pullen *v.* The Commissioners of Wake County.

There was a time, at least as to gift by will, it did not exist; and there may be a time again when it will seem wise and expedient to deny it. These are the uncontested powers of the Legislature upon which no article of the Constitution has laid its hands to impair them. If the Legislature may destroy this right, may it not regulate it? May it not impose conditions upon its exercise? And the condition it has imposed in this case is a tax. It is argued, however, that because the Constitution (Art. V. Sec. 3) says that "the General Assembly may also tax trades, professions, franchises and incomes," and as this right of succession cannot be technically classed under either of these heads, it must be implied that the Legislature was forbidden to tax such a right, on the rule of interpretation that the expression of one thing implies the exclusion of any other. We think the implication is too slight to restrict the Legislative power in the exercise of so vital a portion of it as that of taxation; and especially so when we can conceive of no reason of policy or justice requiring such a restriction. It might as well be contended that since Sec. 6 says the Legislature may exempt cemeteries, &c., enumerating several matters of which the right in question is not one, the Legislature was thereby impliedly forbidden to exempt this right, or any other possible subject of taxation whatever, not mentioned in the section. It is not by such artificial rules that Constitutions are to be construed.

It is ordered that the assessment be modified by striking out the tax to the county altogether and by reducing the State tax to one per cent on the value of the legacy.

Per Curiam.                                          Error.