IN RE MORRIS ESTATE.

(Filed May 2 1905.)

*Succession or Inheritance Tax—Constitutionality—Method of Collection.*

1. A succession tax is a tax on the right of succession to property and not on the property itself, and is not void because exemptions are granted or discriminations made between relatives and between these and strangers, nor for lack of uniformity.

2. The right to impose an inheritance or succession tax does not depend upon the kind of property transferred and the revenue act of 1903 imposing such a tax on personal property only is constitutional.

3. The method provided in the Revenue Act of 1903, Ch. 247, Sections 6-21, for the ascertainment, computation and collection of an inheritance or succession tax is constitutional.

4. The fact that the testator, in his will, directed his executors not to make any returns of his property cannot nullify the statutory provisions as to the inheritance tax.

*In re* MORRIS ESTATE.

PROCEEDING for the assessment and collection of the succession or inheritance tax on the estate of P. M. Morris, deceased, heard by *Judge W. R. Allen,* at the October Term, 1904, of the Superior Court of CABARRUS County.

This is a proceeding instituted under the Revenue Act of 1903 for the purpose of ascertaining and collecting the succession or inheritance tax on legacies bequeathed by the will of P. M. Morris. The Court made the following order: This cause coming on to be heard, the Executors of P. M. Morris appear in answer to the order of *Judge G. S. Ferguson* and file a written motion to dismiss the petition, and upon consideration thereof it is ordered and adjudged that the motion be denied. It is further ordered that said Executors within ten days file with the Clerk of this Court an account of their estate, showing the amount to which the distributees and legatees of said estate are entitled. From this order, the Executors appealed.

*W. M. Smith,* for the executors.
No Counsel, *contra.*

BROWN, J. We are inclined to think this appeal is premature, but as no appearance has been made or brief filed in this Court on behalf of the petitioner, the Clerk of the Superior Court, and no such point made, we will pass on the matter of law presented in the brief of counsel for the Executors.

1. It is contended that the Act of 1903 is unconstitutional and void for these reasons:

(a) Because it impairs the value of Mrs. Caldwell's legacy, she being a lineal descendant of the testator, in that under the will she was to receive eight thousand dollars, and if the tax collector is permitted to take a portion of this eight thousand dollars then she will not receive all the money to which she was entitled.

*In re* MORRIS ESTATE.

(b) Because it exempts persons receiving less than two thousand dollars, and taxes persons receiving over two thousand dollars.

(c) Because it exempts real estate and taxes personal property. In this case Mr. Morris' daughter, Mrs. Caldwell, although she only received eight thousand dollars, in truth and in fact, under the act as drawn, will have to pay a greater tax than either one of her brothers, although they receive many times as much as she does, because theirs is in real estate, and hers is in personal property.

(d) Because it exempts Mrs. Morris, the mother, and taxes Mrs. Caldwell, the daughter.

The inheritance or succession tax is of very ancient origin. It is no new invention of the legislative power for the purpose of putting money in the public coffers. Gibbon, the historian, traces its origin to the Emperor Augustus, and says it was suggested by him to the Senate as a means of supporting the Roman army; that it was imposed at the rate of five per cent upon all legacies or inheritances above a certain value; but that it was not collected from the nearest relatives upon the father's side, and that the tax was the most fruitful as well as most comprehensive. 1 Gibbon's Rome 133; Encyc. Brit., 8th Am. Ed., 65, title Taxation. It was called *"vicessima hereditatum et legatorum."* In this country the tax is variously called an inheritance tax, a legacy tax, a transfer tax, and a succession duty. It is defined as follows: "A burden imposed by government upon all gifts, legacies, inheritances and successions, whether of real or personal property, or both, or any interest therein, passing to certain persons (other than those specially excepted) by will, by intestate law, or by deed or instrument made *inter vivos* intended to take effect at or after the death of the grantor." Dos Passos, (2nd Ed.) Sec. 2.

This method of taxation has been long resorted to in European countries and was introduced into Great Britain by

Lord North and adopted in 1780. Of the States of the American Union, Pennsylvania was the first to adopt it in 1826, since which date it has been adopted as a means of governmental support by a great many other States. As a means of raising revenue, the method is generally commended by writers on Political Economy. Mills' Political Economy, Book 5, Ch. 62, Sec. 3. It is generally conceded that no tax can be less burdensome and interfere less with the industrial agencies of society. Smith's Wealth of Nations 683. *Mr. Justice Brewer,* of the Supreme Court of the United States, in writing unofficially on the subject, says: "I have often urged this method of taxation as one of the most just, and if it were graduated in proportion to the amount of property passing I think it would be most beneficial. It would tend largely to prevent the accumulation of property in a family line and to work that distribution which is for the interest of all." The tax has been imposed by the Federal Government as a means of war revenue and sustained by our highest court. *Knowlton v. Moore,* 178 U. S., 41. The fallacy in the argument of counsel for the Executors is in assuming that the tax is a tax upon property, and therefore should be uniform and levied in conformity with the requirements of the Constitution. If we conceded his premise, we should have no difficulty in arriving at his conclusion. The theory on which taxation of this kind on the devolution of estates is based and its legality upheld is clearly established and is founded upon two principles: 1st. A succession tax is a tax on the right of succession to property and not on the property itself. 2nd. The right to take property by devise or descent is not one of the natural rights of man but is the creature of the law. Should the supreme law abolish such rights the property would escheat to the government or fall to the first occupant. The authority which confers such rights may impose conditions upon them, or take them away entirely. Accordingly it is held that the

States may tax the privilege, grant exemptions, discriminate between relatives and between these and strangers, and are not precluded from the exercise of this power by constitutional provisions requiring uniformity and equality of taxation. Neither is it necessary to the validity of the tax that the State Constitution should contain a specific delegation of power authorizing the Legislature to impose such taxation. The power of the Legislature over the subject of taxation is absolute unless restricted by the Constitution of the State or Nation. Upon the grounds we have stated inheritance or succession tax laws have been uniformly held to be valid and to infringe no constitutional provisions, Federal or State. These decisions have been made by the Supreme Court of the United States and by all the highest courts in all the States where such laws have been enacted. The authorities are collected in 27 Am. & Eng. Encyc. (2nd Ed.;) pags 338, and it is unnecessary to review them. They are all one way.

In our own State the constitutionality of an act similar in many respects to that of 1903 was sustained in an able opinion by *Justice Rodman. Pullen v. Commissioners,* 66 N. C., 361. The fact that the Act of 1869-70 applied to real and personal property alike makes no difference. The right to impose the tax does not depend upon the nature or kind of property transferred. *Matter of Knoedler,* 140 N. Y., 377; and cases cited in 27 Am. & Eng Encyc. (2d Ed.,) page 343.

2. The objections urged against the legislative method provided for the ascertainment, computation and collection of this tax are equally untenable. The method provided is set out in the Act of 1903, Chap. 247, Sections 6 to 21 inclusive. No provision of the Constitution is violated in the remedy. The statutory provisions have been strictly followed in this proceeding, and under them His Honor had full power to make the order appealed from. The fact that the testator in his will directed his Executors not to make

any returns of his property cannot be permitted to have the effect of nullifying "the law of the land." It is the duty of the Executors to obey the order; otherwise they would incur the penalties for contempt. It is the plain duty of the Clerk to compute and adjudge the amount of tax due and to collect the same and pay it to the State Treasurer as required by law.

It is not proper or necessary for this Court on this appeal to adjudicate the amount of tax to be levied upon the legacies given in the will. It is the duty of the Clerk to have the appraisement made, if necessary, under Section 15 of the Act and to ascertain and declare the amount of the tax to be paid. From a final order determining the same an appeal is provided for by the Act.

Affirmed.