D. C. WADDELL, JR., v. R. A. DOUGHTON, COMMISSIONER OF REVENUE.

(Filed 16 November, 1927.)

**Taxation—Inheritance—State Bonds—Exemptions—Statutes.**

An inheritance tax is that imposed upon the taking of property by descent and distribution, or by will, from the decedent, and is not a property tax, and its collection is not prohibited by the statutory provision exempting the owners of State bonds from taxation by "all State, county or municipal taxation and assessment, direct or indirect, general or special, whether imposed for the purpose of general revenue or otherwise," etc., and *held further,* the redrafting of section 6, chapter 4, Public Laws of 1923, by the act of 1927, ch. 80, Art. I, schedule A, clarifies and does not destroy the principle upon which this decision rests.

APPEAL by plaintiff from *Townsend, Special Judge,* at September Term, 1927, of WAKE.    Affirmed.

Controversy without action, involving validity of assessment made by defendant of inheritance tax upon legacy, consisting exclusively of bonds of the State of North Carolina, bequeathed to plaintiff as residuary legatee in the last will and testament of a resident of this State.

From judgment upon case agreed, submitted to the court pursuant to C. S., 626, plaintiff appealed to the Supreme Court.

*Merrimon, Adams & Adams for plaintiff.*
*Attorney-General Brummitt and Assistant Attorneys-General Nash and Harwood for defendant.*

CONNOR, J.  Lula Johnston Waddell died on 1 December, 1924.  Prior to and at the date of her death, she was a resident of the State of North Carolina.  Thereafter her last will and testament was duly probated. Plaintiff, as residuary legatee named therein, became entitled to certain bonds of the State of North Carolina, which were owned by the testatrix at the date of her death.  The market value of these bonds at said

date was $117,607.66. Defendant assessed upon the legacy bequeathed to plaintiff in said will, consisting of said bonds, an inheritance tax in the sum of $5,681.42. This sum was paid by plaintiff, who was both executor and residuary legatee, named in said will, under protest. He now seeks to recover the amount so paid, upon his contention that the assessment of an inheritance tax upon a legacy, consisting exclusively of State bonds, which are exempt from all State, county or municipal taxation, is unlawful and in contravention of the statutes under which the bonds were issued.

All of the bonds included in the legacy in this case were issued under authority of statutes duly enacted by the General Assembly of North Carolina. Each of said statutes contains a provision, applicable to said bonds, in words as follows:

"The bonds and coupons shall be exempt from all State, county or municipal taxation and assessment, direct or indirect, general or special, whether imposed for the purpose of general revenue or otherwise, and the interest paid thereon shall not be subject to taxation as for income."

Plaintiff contends that by virtue of said provision the legacy which was bequeathed to him, consisting of said bonds, was not subject to assessment for an inheritance tax under the provisions of section 6 of chapter 4, Public Laws 1923, which are, as pertinent to this case, in words as follows:

"From and after the passage of this act all real and personal property of whatever kind and nature, including stocks and bonds of foreign and domestic corporations, held within the State, which shall pass by will from any person who may die seized or possessed of the same, while a resident of this State, shall be and hereby is made subject to a tax for the benefit of the State, as follows, etc."

The sole ground upon which it is contended that the assessment of an inheritance tax upon the legacy of plaintiff, under the will of the testatrix, is unlawful, is that said legacy consists of bonds of the State, which are exempt, by express provisions of the statutes under which they were issued, from taxation. The said bonds in the hands of a holder are exempt from taxation. No tax, direct or indirect, special or general, for the purpose of general revenue or otherwise can be levied upon said bonds, or collected from the holder on account of said bonds. Neither the testatrix during her life, nor her legatee, after he acquired title to said bonds, by virtue of her will, was or can be required to pay any tax to the State or to a county or municipality of the State, on said bonds as personal property or otherwise. The inheritance tax, however, which plaintiff has been required to pay and which he has paid, is

not a tax upon the bonds, as property owned by him, but upon his right to take and hold said bonds under the will. The bonds are exempt from taxation in the hands of a holder, but this exemption does not extend to the right of succession or to the right to have said bonds transferred to him.

This necessarily follows, we think, from the nature of an inheritance tax, as defined by this Court and as levied and collected under the statute. It is not a tax on property, but on the succession to or transfer of property, occasioned by death. It has been so held consistently in many decisions of this Court. *In re Davis,* 190 N. C., 358; *Bank v. Doughton,* 189 N. C., 50; *Trust Co. v. Doughton,* 187 N. C., 263; *Corporation Commission v. Dunn,* 174 N. C., 679; *In re Inheritance Tax,* 168 N. C., 356; *Norris v. Durfey,* 168 N. C., 321; *S. v. Bridgers,* 161 N. C., 247; *In re Morris Estate,* 138 N. C., 259. In all these cases the principle announced in *Pullen v. Comrs.,* 66 N. C., 363, has been approved. It is said in that case by *Rodman, J.:* "We do not regard the tax in question as a tax on property, but rather as a tax imposed on the succession—on the right of the legatee to take under the will or of a collateral distribution in the case of intestacy. . . . Neither can it be held a tax on property merely because the amount of the tax is measured by the value of the property." To the same effect are decisions of the Supreme Court of the United States (see *Magoun v. Bank,* 170 U. S., 283, 42 L. Ed., 1037), and of the other States (see *Washington County Hospital Association v. Estate of Edward W. Mealey,* .... Md., ...., 88 Atl., 136, reported with annotation in 48 L. R. A., N. S., 373).

The fact that the statute relative to the inheritance tax has been redrafted (see Schedule A, Article 1, chapter 80, Public Laws 1927) evidently for the purpose of clarification, to the end that the principle upon which said tax is levied may appear more clearly, does not, we think, sustain plaintiff's contention that the tax levied under section 6, chapter 4, Public Laws 1923, is a tax on property and not on the succession or transfer of property, resulting from death. The tax imposed by the act of 1923 is an inheritance tax, and is valid for that reason upon the principle stated in *Pullen v. Comrs., supra.*

There is no error. The judgment is

Affirmed.