In re Estate of Pittman, Deceased.

(No. 246803—Decided November 12, 1965.)

Probate Court of Hamilton County.

Mr. *Charles K. Pulse*, for Marguerite Pittman, Executrix of the Estate of Harry F. Pittman, deceased.

Mr. *William B. Saxbe*, attorney general, and Mr. *Thomas J. Moyer*, for Tax Commissioner of Ohio.

DAVIES, J. Harry F. Pittman, a resident of Hamilton County, died testate on August 10, 1964, possessed of fifteen 3% State of Ohio Korean Conflict Compensation Bonds, valued at $15,000.00, issued under the authorization of Section 2d, Article VIII of the Constitution of Ohio. The court determined that the succession to these bonds by the will of the decedent was not subject to an Ohio inheritance tax. The Tax Commissioner of Ohio has excepted to this determination.

Section 2d of Article VIII of the Ohio Constitution provides the manner in which The Commissioners of the Sinking Fund shall issue, sell, and retire Ohio Korean Conflict Compensation Bonds and provides that "such bonds, and the interest thereon as income, shall be exempt from all taxes levied by the state of Ohio or any taxing district thereof."

The court, therefore, must determine if the succession to "such bonds" under the Constitution of Ohio is exempt from the inheritance tax levied under Section 5731.02, Revised Code, which, in part, provides that "a tax is hereby levied upon the

succession to any property passing, in trust or otherwise, to or for the use of a person * * * when the succession is by will or by the intestate laws of this state * * *.''

The intent of the framers and adopters of the Constitution which is to be given effect is that expressed in the instrument. *Hockett* v. *State Liquor Licensing Bd.*, 91 Ohio St. 176; *Castleberry* v. *Evatt*, 147 Ohio St. 30. The purpose of construction is to arrive at the intent of the language used. *Bowytz* v. *Tax Commission*, aff'd. 135 Ohio St. 278. Where the language is clear there is no room for construction. The framers are held to mean what they have plainly expressed. *Wilcox* v. *Nolze*, 34 Ohio St. 520, affirming 4 O. Dec. Rep. 125; *State, ex rel. Toledo,* v. *Lynch*, 87 Ohio St. 444; *Cleveland Tel. Co.* v. *Cleveland*, 98 Ohio St. 358.

The Ohio Constitution is primarily a limitation upon political power, and secondarily a delegation of political power. It is a limtiation on power as distinguished from a grant of power. 10 Ohio Jurisprudence 2d 170, Section 83. The power to tax is incident to the legislative power so that it is necessary, not that the Constitution have a provision authorizing the imposition of an inheritance tax, but that it does not prohibit it. *Booth's Exr.* v. *Commonwealth*, 130 Ky. Rep. 88, 113 S. W. 61.

The Ohio succession tax is not a tax on the estate of a decedent, but is a tax upon the succession or the right and privilege to receive property from the decedent. The Ohio State inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a dcedent's estate. *In re: Estate of Daniel*, 159 Ohio St. 109; *Tax Comm., ex rel. Price,* v. *Lamprecht, Admr.*, 107 Ohio St. 535, 31 A. L. R. 985. The inheritance tax is not imposed upon the property passing, nor upon the right to transmit property, but is a tax upon the right to receive property. *Bingham, Estate of, In re: Dept. of Taxation,* v. *National City Bank of Cleveland*, 60 Ohio Law Abs. 202. The right to succeed to the estate is the thing that is taxed. *Belle Center* v. *Roundhead Tp.*, 99 Ohio St. 50. *In re: Estate of Evans*, 173 Ohio St. 137. *West* v. *Oklahoma Tax Comm.*, 334 U. S. 717.

In the case of *Plummer* v. *Coler*, 178 U. S. 115, the court was called upon to consider the question whether, under the inheritance tax laws of a state, a tax may be validly imposed

on a legacy consisting of United States bonds issued under a statute declaring them to be exempt from state taxation in any form. The court held that the state had the right to impose taxes upon the right or privilege of individuals to avail themselves of the right to grant and to receive such bonds under statutes regulating the descent of the property of decedents. It was likewise held in *Jeffress* v. *Commonwealth of Va. et al.*, 152 Va. 100, that under the inheritance or transfer tax laws of Virginia, a tax may be validly imposed on a subject, consisting of United States bonds, though a statute of the United States declares them to be exempt, both as to principal and interest, from any and all taxation now or hereinafter imposed by the United States, any State, or any of the possessions of the United States, or by any local taxing authorities. The court concluded that whether inheritance tax laws are regarded as a limitation on a right of a testator to dispose of property by will, or upon the right of devisees to take under a will, is immaterial, the so-called tax is an exaction made by the Commonwealth in the regulation of the right of devolution of property of decedents, which is created by law, and which the law may restrain or regulate.

In *Mitchell et al.* v. *Carson, Commissioner of Finance and Taxation*, 186 Tenn. 228, 209 S. W. 2d 20, it was held that an "inheritance tax" on United States Savings Bonds is not a tax on the bonds within congressional prohibition against assessment of ad valorem tax on government bonds, but is a tax on the privilege of acquiring bonds by transfer within the provisions of inheritance tax law.

In the case of *In re: Carver's Estate*, 25 N. Y. Supp. 991, the court held that under a New York law imposing a tax on "the transfer of any property" by will, etc., it is not the property, but the right of succession, which is taxed, and, therefore, a bequest of United States government bonds is taxable. In *Jeffress* v. *Commonwealth of Va. et al. (supra)*, the court held that legal title to Liberty Bonds was in the executor and the beneficial ownership was in legatees and, hence, a transfer tax could be imposed although an act of Congress provided that such bonds shall be exempt from all taxes imposed by the United States, state, or any local taxing authority.

In *Tax Commission of Ohio* v. *Rife et al.*, 119 Ohio St 83, the court considered an interesting case in which an Ohio in-

heritance tax had been levied on the succession to next of kin in a deceased veteran's estate of proceeds from War Risk Insurance issued by the United States Government with a provision that such insurance "shall be exempt from all taxation." The court held that "the provisions of the World's War Veterans' Act relating to the exemption from taxation of insurance payable thereunder exempt from the state inheritance tax the amount paid to the estate of a deceased soldier." The court reasoned (p. 89) that the succession was not subject to Ohio inheritance tax because the "right to take this property is by virtue of a contract between the United States government and the soldier, and does not arise by reason of the statutes of descent and distribution of this state, even though the government has seen fit to distribute such fund through the agency of an administrator acting under statutes of descent and distribution of the state of Ohio." The court (p. 84) specifically stated that "it is well settled that an inheritance or succession tax is not a tax upon the property itself, but upon the right to succeed to the property. It is not the right to transmit, but the right and privilege to receive that is taxed."

In view of the decisions we have outlined in this opinion, we hold as follows:

(1) The Ohio inheritance or succession tax is not a tax upon the property itself, but upon the right to succeed to the property. It is not the right to transmit, but the right and privilege to receive that is taxed.

(2) Since Section 2d of Article VIII of the Constitution of Ohio provides only that Ohio Korean Conflict Compensation Bonds, and the interest thereon as income, shall be exempt from all taxes levied by the state of Ohio or any subdivision thereof, there is no Ohio constitutional prohibition which prevents the state or any subdivision thereof from levying an inheritance or succession tax upon the heir, legatee, devisee, or other beneficiary because of their right and privilege, established by law, to receive such bonds as a succession from a decedent's estate.

(3) The exceptions of the Tax Commissioner of Ohio, therefore, will be sustained.

*Exceptions sustained.*