MARY SUE RIGBY, EXECUTRIX UNDER THE WILL OF DAN WILLIAMS RIGBY, AND MARY SUE RIGBY, INDIVIDUALLY v. I. L. CLAYTON, COMMISSIONER OF REVENUE OF NORTH CAROLINA

No. 444

(Filed 20 November 1968)

1. **Constitutional Law § 23;   Taxation § 2—   due process of law — inheritance taxation**

   The "due process" provisions of the Federal or State Constitution are not violated by use of the value of decedent's entire estate, wherever located, to determine the rate of inheritance tax to be applied under G.S. 105-21 to the transfer of property within the State.

2. **Taxation § 2—   uniformity of taxation — inheritance taxation**

   The equality and uniformity required by the State Constitution in property taxation do not apply to inheritance or succession taxation.

3. **Taxation § 2—   construction of tax statute — discrimination**

   Although the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same, when the validity of a tax statute is challenged on ground of discrimination by arbitrary classification, it becomes the duty of the court to ascertain if, in fact, there is a difference in the classes taxed.

4. **Taxation § 2—   construction of tax statute — discriminatory classification**

   The Legislature is given the widest latitude in making the distinctions

which are bases for classification, and they will not be disturbed unless they are capricious, arbitrary and unjustified by reason; nor will occasional inequalities and hardships resulting from the application of the statute defeat the law unless it be shown that they result from hostile discrimination.

**5. Taxation § 17— inheritance taxation — transfer of property**

The transfer of property, as that term is used in G.S. 105-2, contemplates both the legal power to transmit property at death and the privilege of receiving property.

**6. Taxation §§ 2, 17— inheritance taxation — basis for classification**

A state may consider the composition and character of the entire estate as well as the amount passing to the individual legatees or heirs under its intestate or testamentary laws as a basis for classification, without imposing an arbitrary classification or without violating the "equal protection" or "uniformity" provisions of the State or U. S. Constitution.

**7. Taxation § 2— construction of tax statute — duty of court**

In determining whether there is some difference which bears a reasonable and proper relationship to the attempted classification in a statute, the reviewing court must be able to see that the enacting legislature could regard it as reasonable and proper without doing violence to common sense; in other words, there must be enough reason for it to support an argument.

**8. Taxation § 17— validity of inheritance tax — inclusion of decedent's property outside the State for purposes of computation**

G.S. 105-21, which levies an inheritance tax upon the transfer of property within the State at a rate which considers decedent's entire estate wherever situated, even outside the State, is a valid exercise of legislative powers, the statute neither denying equal protection of laws in violation of the U. S. Constitution, XIV Amendment, nor imposing an arbitrary and capricious classification in violation of N. C. Constitution, Art. V, § 3.

APPEAL by plaintiff from decision of the Court of Appeals (2 N.C. App. 57) which affirmed judgment of *Ervin, J.,* entered at October 1967 Session of IREDELL Superior Court.

Dan Williams Rigby, a resident of Iredell County, died testate on 17 March 1964, owning property within North Carolina having an appraised value of $110,021.49 and real property in South Carolina having an appraised value of $61,000.00. Plaintiff, executrix and sole beneficiary of the will of Dan Williams Rigby, filed an inheritance tax return as executrix with defendant Commissioner of Revenue. In the return she took all state deductions and exemptions and paid inheritance tax on the North Carolina property, without any reference to the South Carolina property. Defendant assessed an additional tax on the North Carolina property by establishing a rate pursuant to G.S. 105-21. Plaintiff paid the additional tax under pro-

test and duly filed claim for refund. Defendant denied plaintiff's claim for refund and plaintiff instituted this action for recovery of the additional assessment paid under protest, contending that G.S. 105-21 is unconstitutional. From judgment denying relief to plaintiff and holding G.S. 105-21 constitutional, plaintiff appealed to the North Carolina Court of Appeals. That Court affirmed the judgment of the Superior Court and plaintiff appealed to this Court under provisions of G.S. 7A-30(1).

*Adams and Dearman and Raymer, Lewis & Eisele for plaintiff, appellant.*

*Attorney General Bruton and Assistant Attorney General Banks for defendant, appellee.*

BRANCH, J.

G.S. 105-21 provides:

"Computation of tax on resident and nonresident decedents. — A tax shall be assessed on the transfer of property, including property specifically devised or bequeathed, made subject to tax as aforesaid in this State of a resident or nonresident decedent, if all or any part of the estate of such decedent, wherever situated, shall pass to persons or corporations taxable under this article, which tax shall bear the same ratio to the entire tax which the said estate would have been subject to under this article if such decedent had been a resident of this State, and all his property, real and personal, had been located within this State, as such taxable property within this State bears to the entire estate, wherever situated. It shall be the duty of the personal representative to furnish to the Commissioner of Revenue such information as may be necessary or required to enable the Commissioner to ascertain a proper computation of his tax. Where the personal representative fails or refuses to furnish information from which this assessment can be made, the property in this State liable to tax under this article shall be taxed at the highest rate applicable to those who are strangers in blood."

As originally passed in 1921, G.S. 105-21 applied only to non-specific bequests or devises of North Carolina property from the estates of nonresident decedents. In 1925 the statute was amended so as to include both specific and non-specific bequests and devises, and in 1937 was amended so as to include all decedents, resident and nonresident, whose estates consisted of property both in and out of the State.

Appellant, in attacking the constitutionality of G.S. 105-21, strongly contended before the Court of Appeals that the statute was unconstitutional, in that it violated the "due process" clauses of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article I, Section 17 of the Constitution of North Carolina, and that it denied equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution, and that it violated Article 5, Section 3 of the North Carolina Constitution by an arbitrary and capricious classification for the purpose of taxation.

The decision of the North Carolina Court of Appeals is founded principally upon the case of *Maxwell v. Bugbee,* 250 U.S. 525, 63 L. Ed. 1124, 40 S. Ct. 2, in which the Supreme Court of the United States considered the constitutionality of a New Jersey statute that was in substance the same as G.S. 105-21 before its 1925 and 1937 amendments. In *Maxwell v. Bugbee,* Justice Day, speaking for majority of the Court, stated:

> "It is not to be disputed that, consistently with the Federal Constitution, a state may not tax property beyond its territorial jurisdiction, but the subject-matter here regulated is a privilege to succeed to property which is within the jurisdiction of the state. When the state levies taxes within its authority, property not in itself taxable by the state, may be used as a measure of the tax imposed. . . . In the present case the state imposes a privilege tax, clearly within its authority, and it has adopted as a measure of that tax the proportion which the specified local property bears to the entire estate of the decedent. That it may do so within limitations which do not really make the tax one upon property beyond its jurisdiction, the decisions to which we have referred clearly establish. The transfer of certain property within the state is taxed by a rule which considers the entire estate in arriving at the amount of the tax. It is in no just sense a tax upon the foreign property, real or personal. It is only in instances where the state exceeds its authority in imposing a tax upon a subject-matter within its jurisdiction in such a way as to really amount to taxing that which is beyond its authority that such exercise of power by the state is held void."

Appellant, on the other hand, relied heavily on the cases of *Frick v. Pennsylvania,* 268 U.S. 473, 69 L. Ed. 1058, 45 S. Ct. 603, and *Treichler v. Wisconsin,* 338 U.S. 251, 94 L. Ed. 37, 70 S. Ct. 1.

[1]     Further review and discussion of the history of G.S. 105-21 and the cases cited in reference to the controlling force of *Maxwell*

*v. Bugbee* would be merely an affectation of learning, since we conclude that the Court of Appeals correctly distinguished the cases cited by appellant in reaching its conclusion that *Maxwell v. Bugbee* is still the prevailing law. We agree with the Court of Appeals that the 1925 Amendment did not affect the applicability of *Maxwell v. Bugbee* and that the 1937 Amendment, from the point of view of removing any distinction contained in the statute as between residents and non-residents, strengthened the constitutionality of G.S. 105-21. It is further observed that long before the decision in *Maxwell v. Bugbee* it was well settled in North Carolina that the type of tax here challenged was not a tax on property but on transmission of property from the dead to the living. *In re Morris Estate,* 138 N.C. 259, 50 S.E. 682. The "Due process" provisions of the Federal or State Constitution are not violated by the use of value of the entire estate, wherever located, to determine the *rate* of the tax to be applied to the transfer of property within the state; nor is it contended or shown that the procedural rights of notice and hearing are denied by the statute. *Randleman v. Hinshaw,* 267 N.C. 136, 147 S.E. 2d 902.

The main force of appellant's brief and argument to this Court is directed to the contentions that the statute violated the Fourteenth Amendment "equal protection" clause and Article V, Section 3 of the North Carolina Constitution by establishing an arbitrary and capricious classification for methods of determining a tax rate which was based on whether a beneficiary received property from an estate comprised of property solely within the state or property within and outside of the state.

[2]     The equality and uniformity required by our State Constitution in property taxation does not apply to inheritance or succession taxation. *In re Morris Estate, supra; Pullen v. Comm'rs,* 66 N.C. 361. The reason for this rule is clearly set forth in the case of *In re Morris, supra,* as follows:

> "The theory on which taxation of this kind on the devolution of estates is based and its legality upheld is clearly established and is founded upon two principles: (1) A succession tax is a tax on the right of succession to property and not on the property itself. (2) The right to take property by devise or descent is not one of the natural rights of man but is the creature of the law. Should the supreme law abolish such rights the property would escheat to the government or fall to the first occupant. The authority which confers such rights may impose conditions upon them, or take them away entirely. Accordingly it is held

that the States may tax the privilege, grant exemptions, discriminate between relatives and between these and strangers, and are not precluded from the exercise of this power by constitutional provisions requiring uniformity and equality of taxation."

See also *Magoun v. Illinois Trust and Savings Bank,* 170 U.S. 283, 42 L. Ed. 1037, 18 S. Ct. 594, and *U. S. v. Perkins,* 163 U.S. 625, 41 L. Ed. 287, 16 S. Ct. 1073.

**[3, 4]**    Although the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same, when the validity of a tax statute is challenged on the ground of discrimination by arbitrary classification, it becomes the duty of the court to ascertain if, in fact, there is a difference in the classes taxed. *Finance Co. v. Currie,* 254 N.C. 129, 118 S.E. 2d 543. The Legislature is given the widest latitude in making the distinctions which are bases for classification, and they will not be disturbed unless they are capricious, arbitrary and unjustified by reason. *Snyder v. Maxwell,* 217 N.C. 617, 9 S.E. 2d 19. Nor will occasional inequalities and hardships resulting from the application of the statute defeat the law unless it be shown that they result from hostile discrimination. *Leonard v. Maxwell,* 216 N.C. 89, 3 S.E. 2d 316.

Considering the constitutional requirements that the equal protection clause of the Fourteenth Amendment places on state authorities to tax, the U. S. Supreme Court, in the case of *Magoun v. Illinois Trust and Savings Bank, supra,* stated:

"What satisfies this equality has not been and probably never can be precisely defined. Generally it has been said that it 'only requires the same means and methods to be applied impartially to all the constituents of a class so that the law shall operate equally and uniformly upon all persons in similar circumstances.' *Kentucky Railroad Tax Cases,* 115 U.S. 321, 337. It does not prohibit legislation which is limited, either in the objects to which it is directed or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike under like circumstances and conditions both in the privilege conferred and the liabilities imposed. . . ."

In *Stebbins v. Riley,* 268 U.S. 137, 69 L. Ed. 884, 45 S. Ct. 424, the U. S. Supreme Court considered a California statute which imposed a tax on the transfer of property and forbade the deduction of the Federal estate tax in levying the amount of the State inher-

itance tax. In *Stebbins,* appellants contended that the statute violated the "equal protection" and "uniformity" provisions of the Federal Constitution because it imposed a much larger proportionate tax on the succession to a residuum of a large estate than of a smaller estate, although the residuary legacies were equal in each instance. Appellant contended that there was an arbitrary discrimination and a denial of equal protection, in that inequality resulted depending upon the size of the estate from which a legacy was received. The United States Supreme Court, holding the statute to be constitutional, stated:

"It is not necessary that the basis of classification should be deducible from the nature of the thing classified. It is enough that the classification is reasonably founded in the 'purposes and policies of taxation.' *Watson v. State Comptroller,* 254 U.S. 122, 65 L. ed. 170, 41 Sup. Ct. Rep. 43. It is not open to objection unless it precludes the assumption that the classification was made in the exercise of legislative judgment and discretion. . . .

"There are two elements in every transfer of a decedent's estate: the one is the exercise of the legal power to transmit at death; the other is the privilege of succession. Each, as we have seen, is the subject of taxation. The incidents which attach to each, as we have observed, may be made the basis of classification. We can perceive no reason why both may not be made the basis of classification in a single taxing statute, so that the amount of tax which the legatee shall pay may be made to depend both on the total net amount of decedent's estate subject to the jurisdiction of the state, and passing under its inheritance and testamentary laws, and the amount of the legacy to which the legatee succeeds under those laws. Such a classification is not, on its face, unreasonable. The discrimination is one which bears a substantial relationship to the exercise of the power of disposition by the testator. It is one of the elements in the transfer which is made the subject of taxation. The adoption of the discrimination does not preclude the assumption that the legislature, in enacting the taxing statute, did not act arbitrarily or without the exercise of judgment or discretion which rightfully belongs to it, and we can find in it no basis for holding the statute unconstitutional."

The classification which appellant attacks as arbitrary and capricious lies in the difference in the method of arriving at the rate of tax applied to heirs or legatees receiving property from estates con-

sisting of property lying both within North Carolina and outside of North Carolina, as distinguished from the method of arriving at the rate of tax applied to heirs or legatees receiving property from estates consisting of property lying wholly within North Carolina.

[5]    G.S. 105-2 expressly imposes a tax "upon the *transfer* of any property, real or personal. . . ." (Emphasis ours)

[5, 6]    The transfer of property contemplates both the legal power to transmit property at death and the privilege of receiving property. A state may consider the composition and character of the entire estate as well as the amount passing to the individual legatees or heirs under its intestate or testamentary laws as a basis for classification, without imposing an arbitrary classification or without violating the "equal protection" or "uniformity" provisions of the State or U. S. Constitution. Such a classification bears a reasonable and substantial relation to the succession of property, and we recognize the imposition of a tax on the succession of property as a proper subject of taxation by the State. *In re Morris, supra.*

[7]    In determining whether there is some difference which bears a reasonable and proper relationship to the attempted classification in a statute, the reviewing court must be able to see that the enacting legislature could regard it as reasonable and proper without doing violence to common sense. In other words, there must be enough reason for it to support an argument. *People ex rel Farrington v. Mensching,* 187 N.Y. 8, 79 N.E. 884. Thus, in addition to the exercise of their legislative prerogative of considering both the entire estate as well as the amount passing to individual legatees as a basis for classification, it may be argued that the classification is a reasonable and valid exercise of legislative judgment in avoiding inequality in taxation by preventing the disposition of property in other states in order to obtain rates of taxation lower than those enjoyed by legatees or heirs taking from an estate where all the property is located in North Carolina. Such a classification is founded in fact upon a difference in classes taxed and is clearly uniform and equal as to members of the same class.

[8]    We conclude that the classification is not "so wholly arbitrary and unreasonable as to be beyond the legislative authority of the state." *Maxwell v. Bugbee, supra.* Thus, recognizing the prevailing law that a state may levy inheritance or succession taxes on property within its authority at a rate which considers the entire estate (a part of which is located outside the state) in arriving at the amount of the tax, *Maxwell v. Bugbee, supra,* we hold that the

North Carolina Legislature did not exceed its powers in enacting G.S. 105-21. The decision of the Court of Appeals is

Affirmed.