Mr. Melvin S. Goldberg Director Inheritance and Gift Tax Division Department of Revenue 1375 Sherman Street, Room 600 Denver, CO 80261
Dear Mr. Goldberg:
This opinion is in response to your letter inquiring whether bonds issued pursuant to C.R.S. 1973, 25-25-118, as enacted in 1977, the Colorado Health Facilities Authority Act, are subject to Colorado inheritance tax.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents this question:
Are bonds issued pursuant to C.R.S. 1973, 25-25-118, as enacted in 1977, the Colorado Health Facilities Authority Act, subject to Colorado inheritance tax?
 My conclusion is "no." It is my opinion that the statutory term "shall be exempt at all times from all taxation" exempts the health facilities bonds from inheritance tax.
ANALYSIS
The Colorado Health Facilities statute provides for the exemption from taxation of bonds issued pursuant thereto as follows:
 25-25-118 Exemption from taxation- securities law. . . . the income or other revenues of the authority, all properties at any time owned by the authority, any bonds, notes, or other obligations issued under this article, the transfer thereof and the income therefrom, including any profit made on the sale thereof, and all mortgages, leases, trust indentures, and other documents issued in connection therewith, shall be exempt at all times from all taxation and assessments in the state of Colorado.
(Emphasis supplied.)
For purposes of discussion, this exemption should be compared with that provided for housing, hospital and junior college bonds in Colorado.
Hospital and junior college bonds are statutorily declared "exempt from taxation" and housing bonds are "free from taxation." C.R.S. 1973, 35-5-226, 23-71-711, and 29-4-727. As subsequent citation will indicate, the statutory terms "exempt" or "free" from taxation do not generally exempt such transfers from the imposition of an inheritance or succession tax.
The question then becomes, does the legislative insertion of the word "all" in the phrase "free from all taxation" accomplish such exemption.
A Colorado inheritance tax is imposed upon all transfers of intangible personal property by a domiciliary. C.R.S. 1973, 39-23-104.
C.J.S. and Am. Jur. state that under certain conditions, the transfer of state bonds declared to be exempt from taxation are subject to state inheritance tax. An exemption of the transfer of bonds from taxation does not prevent the imposition of any inheritance tax. 85 C.J.S. 1158, citing In re Tack'sEstate, 325 Pa. 545, 191 A. 155 (1937). Tack's
considered the taxability of Delaware River Bridge bonds declared to be "free from taxation" and held them to be subject to Pennsylvania inheritance transfer tax. The court stated:
 It thus clearly appears that even though the act of 1919 (Inheritance Tax Act) in its title and enacting clauses designates itself as an act imposing tax on the "transfer" of property, a closer study reveals that the tax imposed by it is not on the "transfer" of securities as one would ordinarily use that term in connection with stocks and bonds, but is a tax on the succession or right of inheritance of a decedent's estate. . . .
 Therefore, . . . it cannot be held that the Legislature, . . . intended by the word "transfer" to give to the Delaware River Bridge Bonds an immunity from inheritance taxation.
p. 158, 159.
The court also stated that had the legislature intended to "grant so unique an exemption, it would, no doubt, have used less ambiguous language." p. 159.
A state may tax the inheritance of its own bonds even though it is expressly provided when the bonds were issued that they would be exempt from taxation. 42 Am.Jur.2d 236.
Historically, the general rule has been that an exemption from taxation is dependent upon whether the tax is upon the property itself or upon the exercise or privilege of transferring the property at death. Plummer v. Coler, 178 U.S. 115
(1900), upholding New York inheritance tax on certain U.S. bonds exempt "from taxation in any form by or under State . . . authority." The tax is not upon the bonds themselves, but upon the privilege of transfer thereof derived from the state (p. 125). The court analogized the right of a state to include tax-exempt bonds as part of the corporate assets subject to imposition of a state corporate franchise tax as very similar to a state's right to impose inheritance tax on the same. Also,Murdock v. Ward, 178 U.S. 139 (1900), holding U.S. bonds exempt from taxation to be subject to federal inheritance tax, citing Plummer, supra.
The basic differentiation between a property tax and an inheritance tax was stated in U.S. v. Mason, 412 U.S. 391
at 395 (1973):
 decisions relating to other types of taxes are not readily transferable to the area of the estate and gift taxation where the tax is imposed on the transfer of property rather than on the property itself or the income that it generates.
This comports with the definition of an "inheritance tax" stated in West v. Oklahoma Tax Commission, 334 U.S. 717, 727
(1948):
 An inheritance or estate tax is not levied on the property of which an estate is composed. Rather it is imposed upon the shifting of economic benefits and the privilege of transmitting or receiving such benefits.
Colorado is in agreement. People v. Fester, 144 Colo. 316,356 P.2d 130 (1960):
 The tax here sought to be imposed (inheritance) is not a tax upon property as such, but is rather a tax upon individual heirs or devisees for the right or privilege of succeeding to property.
At this juncture, consideration of case law will be divided into those cases involving assets declared to be exempt or freefrom taxation and those assets exempted from all or anytaxation.
A. Exempt or free from taxation.
1. Taxable. The Plummer case,supra, subjecting U.S. bonds "exempt from taxation" to New York inheritance taxes. Murdock, supra, subjecting the same bonds to federal inheritance tax. Tack'sEstate, supra, allowing Pennsylvania inheritance tax to be applied to bridge bonds "free from taxation." InEstate of Simpson, 43 Cal.2d 594, 275 P.2d 467 (1954), the California Supreme Court stated that an inheritance tax was not a tax on the property itself but is an excise imposed on the privilege of succeeding to property upon the death of the owner and imposed an inheritance tax on certain retirement benefits of the Los Angeles County System statutorily "exempt from taxation." The decision contains a detailed discussion of the history of exemption from inheritance tax. The court discussed the material difference between the California statute "exempt from taxation" and New York law — "exempt from any state . . . tax," holding that the word "any" was broad enough in its enlarged and plural sense to comprehend all state taxes without limitation..
The court held that since the California Legislature had not chosen to include the word "any" in the tax exemption clause, that such deletion was consistent with an intent to effect a different result (i.e. only property taxation) and that if the legislature desired to extend the exemption to inheritance tax that it should be done in an unmistakably clear language. In 1955 the legislature amended the Retirement Act by adding "including any inheritance tax" to the exemption. Subsequently this expansion was held not to exempt such retirement benefits from state income tax. Galloway v. Franchise Tax Bd., 31 C.A.3d 928, 107 Cal.Rptr. 715 (1973).
2. Non-Taxable. The principal case to the contrary isFirst National Bank Trust Co. of Tulsa v. Oklahoma TaxComm'n., 447 P.2d 441 (Okl. 1968) holding that Oklahoma turnpike bonds "free from taxation" were not subject to Oklahoma estate tax, the Oklahoma Supreme Court considering only the wording of the statute without consideration of any case authority.
The court held that succession upon death was a "transfer" contrary to the rationale of Tack's Estate,supra. From an estate tax standpoint, this result contradicts the decision in U.S. Trust Co. v.Helvering, 307 U.S. 57 (1939) which imposed the federal estate tax upon War Risk Insurance benefits. Scott-RiceCompany v. Oklahoma Tax Commission, 503 P.2d 208 (Okl. 1972), had no difficulty in holding that the same bonds were subject to the imposition of a state franchise tax and the value of the bonds could not be deducted from corporate capital before computing amount of franchise tax due. The decision basically followed the theory that the tax was an excise tax upon the privilege of exercising certain rights within the state.Accord, Plummer, supra, pp. 126-130, more recently, Connecticut Bank and TrustCompany v. Tax Commissioner of the State ofConnecticut, Connecticut Supreme Court, 1979, CCH Par. 250-320, imposing a franchise tax upon interest received on state bonds exempt from "any" and "all" taxation.
B. Exempt from "all" or "any" taxation.
1. Taxable. Waddell v. Doughton, 194 N.C. 537,140 S.E. 160 (1927) imposing North Carolina inheritance tax upon state bonds exempt from all state taxation. Phipps v.Commissioner of Internal Revenue, 91 F.2d 627 (10th Cir. 1937), liberty loan bonds exempt "from all taxation, except estate or inheritance taxes" were subject to federal gift tax.U.S. Trust Co. v. Helvering, supra, federal estate tax applicable to federal insurance exempt from all taxation. It should be noted that the exemption cited inU.S. Trust Co. v. Helvering, (1939), supra, was amended in 1935 to provide that payments "shall be exempt from taxation," and the court considered that this amendment served only to "clarify" the original provision for exemption without more. The court held that "unless resort is had to enlargement by implication, this exemption means only that the proceeds or benefits of a War Risk policy are exempt from taxation. Exemptions from taxation do not rest upon implication."Greene v. United States, 171 F. Supp. 459
(Ct.Cl. 1959), Panama Canal bonds declared "exempt from all taxes" not exempt from federal estate taxes. In reEstate of Pittman, 215 N.E.2d 737 (Ohio 1965), Ohio Korean Conflict bonds "exempt from all taxes" subject to Ohio inheritance tax.
2. Non-Taxable. Matter of Morrison,224 N.Y.S. 346, 130 Misc. 438 (1927), exempted teacher's retirement fund benefits from inheritance tax citing Greater New York charter subdivision 0 of section 1092 exempting such benefits from "any" state tax. Matter of Fischer, 132 Misc. 204
(1928) to same effect. In 1930 the charter was changed by adoption of a revision of Tax Law, section 249-kk, article 10-C, which provided for the opposite result. Of more recent vintage,In re Belefski's Estate, 196 A.2d 850 (Pa. 1964), holding that public school retirement benefits "exempt from any State . . . tax" are exempt from Pennsylvania inheritance tax. The opinion has an in-depth discussion of Tack's Estate
and Simpson, supra, and concludes:
 It is highly significant that the legislature, in its description of the taxes to be exempted stated that the exemption was to be extended to any state tax. The word "any" is generally used in the sense of "all" or "every" and its meaning is most comprehensive.
p. 855.
In Simpson, supra, the court based its decision upon the wording "free from taxation" and not the plenary exemption granted by use of the words "all" or "any".
SUMMARY
An inheritance tax is an excise tax imposed upon the right or privilege of succession to property of a decedent. As such, it is not within the category of general property taxation considered under the exemption — "free from taxation" and is properly imposed upon the transfer of such assets.
However, under the well reasoned law emanating from California and Pennsylvania, bonds which are exempt from "any" or "all" taxation should obtain a plenary exemption (exception franchise taxes), and be exempt from the imposition of inheritance tax.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 25-25-118
C.R.S. 1973, 35-5-226
C.R.S. 1973, 29-4-727
Taxation, Div. of
Inheritance Tax
REVENUE, DEPT. OF
Health facility bonds exempt from all taxation are not subject to inheritance tax. Differentiates between "all" or "any" taxation and merely exempts from tax.