229 So.2d 247 (1969)
Fred O. DICKINSON, Jr., Comptroller of the State of Florida, As Commissioner of Revenue, Appellant,
v.
Mark MAURER, As Executor of the Estate of Fred L. Franks, Deceased, Appellee.
No. 38337.
Supreme Court of Florida.
December 10, 1969.
Larry E. Levy, Asst. Gen. Counsel, Office of Comptroller, for appellant.
Douglass B. Shivers, of Cotten, Shivers, Gwynn & Daniel, Tallahassee, for appellee.
BOYD, Justice.
This case is before us on appeal from a decision of the Circuit Court of Leon County initially construing Section 11, Article IX, Florida Constitution of 1885, F.S.A., which is controlling herein and provides in pertinent part as follows:
"No taxes upon inheritances * * * of residents or citizens of this State shall be levied by the State of Florida, or under its authority, * * * provided, however, that the Legislature may provide for the assessment, levying and collection of a tax upon Inheritances, or for the levying of Estate taxes, not exceeding in the aggregate the amounts which may by any law of the United States be allowed to be credited against or deducted from any similar tax upon Inheritances, or taxes on estates assessed or levied by the United States on the same subject, but the power of the Legislature to levy such Inheritance taxes, or Estate taxes in this State, shall exist only so long as, and during the time, a similar tax is enforced by the United States against Florida Inheritances or Estates and shall only be exercised or enforced to the extent of absorbing the amount of any deduction or credit which may be permitted by the laws of the United States, now existing or hereafter enacted to be claimed by reason thereof, as a deduction or credit against such similar tax of the United States applicable to Florida Inheritances or Estates."
The constitutional provision above quoted is implemented by Florida Statute § 198.02, F.S.A., which is as follows:
"A tax is imposed upon the transfer of the estate of every person who, at the time of death, was a resident of this state, the amount of which shall be a sum equal to the amount by which the credit allowable under the applicable federal revenue act for estate, inheritance, *248 legacy and succession taxes actually paid to the several states shall exceed the aggregate amount of all constitutionally valid estate, inheritance, legacy and succession taxes actually paid to the several states of the United States (other than this state) in respect to any property owned by such decedent or subject to such taxes as a part of or in connection with his estate."
Decedent Fred L. Franks, a resident of Broward County, died on June 21, 1965. He had an estate of about $30,000 until approximately 18 days before he died. His daughter, Ruth L. Stephani, predeceased him by 18 days, leaving him her entire estate of around $300,000 after taxes, which he never lived to enjoy. Ruth Stephani's federal estate tax of over $100,000 and Florida estate tax of approximately $9,000 were paid. The Franks' estate was allowed a credit under federal law for "tax on prior transfers" to which the estate of Fred L. Franks was entitled due to the short period of time elapsing between his inheritance from his daughter and his own death. As a result of this credit, the estate of Fred L. Franks had no federal tax to pay.
Federal Form 706 for the estate of Fred L. Franks reflected a "gross estate tax" of $72,237.28 and a credit was allowed by the United States of $72,237.28 for "tax on prior transfers." The Federal Estate Tax Closing Letter received by the estate of Fred L. Franks from the United States District Director of Internal Revenue showed no federal estate tax liability.
Notwithstanding there is no federal estate tax liability the State Comptroller's Office contends that the Franks' estate owes the State of Florida the sum of $4,573.73 plus interest at six per cent per annum from September 21, 1966. The Comptroller's Office states it computes this tax based on Florida Statute § 198.02, F.S.A., supra, and on 26 U.S.C.A. § 2013 (c), which provides in pertinent part as follows:
"(1) In general.  The credit provided in this section shall not exceed the amount by which 
(A) the estate tax imposed by section 2001 or 2101 (after deducting the credits for State death taxes, gift tax, and foreign death taxes provided for in sections 2011, 2012, and 2014) computed without regard to this section, exceeds
(B) such tax computed by excluding from the decedent's gross estate the value of such property transferred and, if applicable, by making the adjustment hereinafter indicated * *"
The executor of the estate of Fred L. Franks, the appellee herein, filed a complaint seeking abatement of this tax in the Circuit Court of Leon County. That Court, after hearing, ordered the assessment of the Commissioner of Revenue of Florida of an estate tax against the Franks' estate be abated and declared said assessment null and void.
The question for determination is whether the State of Florida can impose an estate tax on an estate which is wholly exempt from federal estate taxes. Appellant contends that under the provisions of Section 2013(c) of the U.S. Code set out above, the state estate tax must be computed before deducting the credit for tax on prior transfers, with the result that a prior estate tax credit of $67,661.55, rather than $72,237.28, should be allowed, and the difference, $4,575.73, is due the State of Florida as estate tax. The cases of Wells v. Gay[1] and Green v. State ex rel. Phipps[2] cited by appellant do not support the State's imposition of an estate tax in the case before us.
Appellant's contention might have merit were it not for the overriding intent of the people in adopting Section 11, Article *249 IX, of the Florida Constitution of 1885. As stated by the eminent trial judge below:
"The question presented here can be readily and properly resolved if we go to the basic intent of the people when they adopted Section 11, Article IX, of the Florida Constitution. Did the people by the term `may by any law of the United States be allowed to be credited or deducted from any similar tax upon inheritances' intend that such credit be a mere empty paper credit of no actual or real substance or value, such as exists when there is no federal tax payable? I think not. The intent of the people in adopting this constitutional provision is clearly set forth by the Supreme Court of Florida in Green v. State, ex rel. Phipps and Green v. State, ex rel. Mason, Fla. 166 So.2d 585."
In the Green case,[3] we held:
"The history of the times in which these constitutional provisions were adopted, the language of the provisions themselves and the language of the implementing statutes * * * clearly indicate that it was the intent of the people of Florida that the State of Florida would impose such taxes but only such taxes upon estates of decedents as could be paid to Florida and deducted from the federal taxes without increasing by one jot or one title the total tax burden upon such estates."
The Florida estate tax is geared to the federal estate tax. We hold that when an estate of a Florida resident is not subject to federal estate taxes, as in this case, it is likewise not subject to Florida estate tax.
The Order of the Circuit Court is affirmed.
It is so ordered.
ERVIN, C.J., and DREW, CARLTON and ADKINS, JJ., concur.
NOTES
[1] 58 So.2d 690 (Fla. 1952).
[2] 166 So.2d 585 (Fla. 1964).
[3] Id. at 589.