398 So.2d 938 (1981)
DEPARTMENT OF REVENUE, State of Florida, Appellant,
v.
Lloyd A. GOOD, Jr., Ancillary Executor of the Estate of Clara Compton Good a/K/a Clara C. Good, Deceased, Appellee.
No. 80-1697.
District Court of Appeal of Florida, Third District.
May 12, 1981.
Rehearing Denied June 17, 1981.
*939 Jim Smith, Atty. Gen., and William D. Townsend and E. Wilson Crump, II, Asst. Attys. Gen., for appellant.
Lloyd A. Good, Jr., Sugar Loaf, in pro. per.
Before BARKDULL, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The Department of Revenue appeals a declaratory judgment which determined that the State of Florida was not due any portion of the estate taxes paid under the Federal Revenue Act with respect to the estate of this non-resident decedent. The judgment ordered the Department of Revenue to deliver a certificate of non-taxability to the estate without requiring the payment of any tax. For the reasons assigned, we affirm the judgment.
Appellee's decedent died a resident of the Commonwealth of Pennsylvania on March 15, 1975 having real and personal property in both Florida and Pennsylvania. The greater portion of her estate consisted of a resort in the Florida Keys which included *940 both real and tangible property valued at $1,068,810.70. The property was encumbered by a purchase money mortgage in the unpaid sum of $1,114,302.36.[1] The decedent's aggregate gross estate was finally determined to be $1,620,116.15. The adjusted gross value was determined to be $258,825.52. The federal credit allowed for death taxes was $4,202. Pennsylvania, which levies its own inheritance tax, determined that it was due $22,631.35, which sum was paid. The Department of Revenue determined and claimed a proportionate share of the federal tax in the amount of $2,520.62 plus interest of $541.93 as of June 11, 1979.
The personal representative refused to pay the tax and the Department of Revenue refused to issue a non-taxable certificate. The personal representative then commenced the declaratory judgment proceeding claiming that the imposition of an estate tax, pursuant to Article VII, Section 5 of the Florida Constitution, impinged upon the privileges and immunities clause of the United States Constitution, Article IV, Section 2, and was also a deprivation of due process as afforded by the Fourteenth Amendment to the United States Constitution. The complaint further alleged that the construction placed upon Section 198.03, Florida Statutes (1973) and Rule 12C-3.03 of the Florida Administrative Code[2] by the Department of Revenue, in its attempt to assess the tax, was erroneous and unlawful.
Applying the traditional concepts of judicial restraint, the trial court found it unnecessary to reach the constitutionality of the statutes and instead decided the issue based upon statutory construction of Section 198.03, Florida Statutes (1973) and Rule 12C-3.03 of the Department of Revenue. Neither party seriously contends that the constitutional issue controls the matter before this court and we agree.
Article VII, Section 5(a) of the Florida Constitution provides:
SECTION 5. Estate, inheritance and income taxes. 
(a) NATURAL PERSONS. No tax upon estates or inheritances or upon the income of natural persons who are residents or citizens of the state shall be levied by the state, or under its authority, in excess of the aggregate of amounts which may be allowed to be credited upon or deducted from any similar tax levied by the United States or any state.
As will be observed, the Florida Constitution does not prohibit the Legislature from imposing a transfer tax upon the estate of nonresidents. The present constitutional provision, as well as its progenitor, only prohibits the imposition of estate or inheritance taxes upon residents in excess of the amount of credit allowed under the Federal Revenue Act.
In the implementation of the Constitution, the Legislature has enacted Section 198.02, Florida Statutes (1973)[3] with respect to the transfer tax upon the estates of residents and Section 198.03, Florida Statutes (1973)[4] with respect to the transfer *941 tax upon estates of non-residents. Section 198.02 and Section 198.03 are similar. It is settled, pursuant to Section 198.02, that Florida may exact a tax upon an estate of a resident so long as it does not impose a burden upon the estate in excess of the total amount of the federal tax credit. Green v. State ex rel. Phipps, 166 So.2d 585 (Fla. 1964). Under the statute, a Florida tax is collectible only if such tax may be credited against or deducted from a similar federal estate tax. Dickinson v. Maurer, 229 So.2d 247 (Fla. 1969). Department of Revenue Rule 12C-3.03 provides:
12C-3.03 Calculation of the tax upon estates of non-resident decedents.
(1) The tax is imposed upon the estate of a decedent who was not a resident of this State at the time of death but was a resident of the United States in an amount equal to such proportion of the amount of the credit allowable for State Death Taxes under the Federal Revenue Act as the gross value of the property taxable in this State bears to the value of entire estate wherever situate.
(2) The following formula shall be used in calculating the tax upon the estate of a decedent who was not a resident of this State at the time of death but was a resident of the United States; The gross value of property taxable in Florida, as finally determined by the United States Internal Revenue Service, multiplied by credit allowable for State Death Tax under the Federal Revenue Act, and dividing the product by the gross value of the entire estate wherever situate.

 or
Gross value of property Credit for State
having situs in Florida x Death Taxes
__________________________________________________
Gross value of entire
estate = The Florida tax

The Department of Revenue argues, under the cited rule, it had authority to determine Florida's proportionate credit based upon the gross value of the property taxable in Florida as it bears to the entire aggregate gross estate wherever situated. Simply stated, the Department of Revenue's argument is that the indebtedness of a decedent's estate must be apportioned between Florida and any other jurisdiction. It urges that the trial court erred in failing to apply its rule which is presumptively valid. Florida Citrus Commission v. Golden Gift, 91 So.2d 657 (Fla. 1956); Agrico Chemical Company v. State, Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978), cert. denied, sub nom., Askew v. Agrico Chemical Company, 376 So.2d 74 (Fla. 1979). Under the circumstances of this case, it does not matter whether the gross value or the net value is employed. The rule is to aid in the implementation of the underlined portion of the formula embraced under Section 198.03, supra. In the instant case, the rule is not applicable because it ignores the first portion of the formula which only purports to allow Florida to levy a tax equal to the proportional credit allowable against the federal estate tax. Simply stated, Florida receives no proportionate sum or credit beyond that allowable under the Federal Revenue Act. Applying this test, it is clear that the Florida property did not increase the federal estate tax and, consequently, contributed nothing to the credit allowable to Florida. Instead, the purchase money encumbrance constituted a liability and actually decreased the credit allowable in the respective states under the Federal Revenue Act.
There may be innumerable instances where the cited rule is an aid in determining Florida's credit or proportionate share of the federal tax credit allowable in the estate of a non-resident decedent. Because *942 of the similarity Section 198.03 (non-residents) bears to Section 198.02 (residents), a like construction is in order. Any other construction of the factual circumstances of this case would be contrary to Green v. State ex rel. Phipps and Dickinson v. Maurer, supra, because it would impose a burden upon the estate in excess of the federal estate tax credit. This is not due to any constitutional prohibition under Article VII, Section 5 of the Florida Constitution. We are merely construing the non-resident statute in an analogous way with the resident statute out of respect for Florida's interest in attracting investors which is summed up by the statement that "it costs no more to die in Florida" whether a resident of Florida or an owner of property subject to taxation in Florida.
Affirmed.
NOTES
[1] The promissory note executed by the decedent was without recourse so that it did not become a general obligation of her estate.
[2] The Department of Revenue may promulgate rules pursuant to Section 198.08, Florida Statutes (1973). The rule is set forth in full, infra.
[3] Tax upon estates of resident decedents.  A tax is imposed upon the transfer of the estate of every person who, at the time of death, was a resident of this state, the amount of which shall be a sum equal to the amount by which the credit allowable under the applicable federal revenue act for estate, inheritance, legacy and succession taxes actually paid to the several states shall exceed the lesser of:
(1) The aggregate amount of all constitutionally valid estate, inheritance, legacy and succession taxes actually paid to the several states of the United States (other than this state) in respect of any property owned by such decedent or subject to such taxes as a part of or in connection with his estate, or
(2) An amount equal to such proportion of such allowable credit as the value of properties taxable by other states bears to the value of the entire gross estate wherever situate. All values shall be as finally determined for federal estate tax purposes.
[4] Tax upon estates of nonresident decedents.  A tax is imposed upon the transfer of real property situate in this state, upon tangible personal property having an actual situs in this state, upon intangible personal property having a business situs in this state and upon stocks, bonds, debentures, notes and other securities or obligations of corporations organized under the laws of this state, of every person who at the time of death was not a resident of this state but was a resident of the United States, the amount of which shall be a sum equal to such proportion of the amount of the credit allowable under the applicable federal revenue act for estate, inheritance, legacy and succession taxes actually paid to the several states, as the value of the property taxable in this state bears to the value of the entire gross estate wherever situate. [emphasis supplied]