# YOUNG, et al. v LEWIS, etc. and FLORIDA DEPARTMENT OF REVENUE

Case No. 86-2567

Second Judicial Circuit, Leon County

January 26, 1989

## APPEARANCES OF COUNSEL

**Edward Downey,** and **James G. Pressly, Jr.,** Gunster, Yoakley, Criser & Stewart, P.A., for plaintiffs.

**Joseph C. Mellichamp, III,** Assistant Attorney General, for defendant

**Gerald Lewis,** Comptroller, State of Florida

**J. C. O'Steen,** and **David Linn,** Assistant General Counsel, Florida Department of Revenue, for defendant, Florida Department of Revenue.

## OPINION OF THE COURT

J. LEWIS HALL, JR., Circuit Judge.

### *FINAL JUDGMENT*

This cause came on for hearing on cross-motions for summary

judgment, which the parties then stipulated to be, and the Court hods it to be, a final hearing in this cause. Counsel for defendants appeared at the hearing and, at the request of counsel for plaintiffs, their argument was heard through a conference telephone line. Memoranda of law were filed by all counsel.

The Court finds the facts as they were stipulated between the parties:

Dorothy S. Young died on March 17, 1984, at the age of 84, leaving a gross estate of $2,616,097.55. Dorothy S. Young was a resident of the State of Connecticut. At her death she owned two residences, a home in Palm Beach, Florida valued at $340,000 and a home in Darien, Connecticut valued at $354,693. She also had tangible personal property in Florida valued at $20,914 and tangible personal property in Connecticut valued at $3,370. Her Estate placed the original probate in Florida [ancillary probate in Connecticut] pursuant to her Will's express directions. The Estate paid Connecticut succession [estate] tax, as a resident, of $213,361.63. The Estate paid IRS inheritance tax of $504,501.31, and the Estate paid the Florida nonresident estate tax of $18,972.96.

The federal credit for state death taxes as figured on the original Form 706, United States Estate Tax Return, was $137,526.17, which was audited and later determined to be $141,091.50.

The Estate timely filed a claim for refund of the nonresident estate tax with the Florida Department of Revenue and timely filed this action after the Florida Department of Revenue's denial of the claim for refund.

In the final complaint filed in this action, plaintiffs maintain that the Estate should pay no Florida estate tax as a nonresident because Connecticut taxed the Estate, as a resident decedent, more than the federal credit for state death taxes. Plaintiffs argue that the Florida Constitution, the United States Constitution, and the case of *Department of Revenue v Good,* 398 So.2d 938 (Fla. 3 DCA, 1981), prohibit a Florida estate tax on a nonresident greater than the federal credit for state death taxes.

The issue to be decided has this background. For resident decedents the Florida estate tax is limited to the federal credit for state death taxes, minus any estate taxes paid other states as a nonresident for property located there. This is mandated by Article VII, Section 5(a) of

the Constitution of the State of Florida[1] and reexpounded in § 198.02, Florida Statutes.[2] There is no similar provision for nonresidents. This means that a resident decedent's estate can never pay Florida mora than the federal credit for state death taxes However, a nonresident's estate can pay its own domiciliary state more than the federal credit for state death taxes and still be subject to some Florida nonresident estate tax because, under § 198.03, F.S.[3] the formula for determining estate tax for a nonresident is the value of the Estate's Florida property over the value of the property located everywhere expressed as a fraction, multiplied against the federal credit for state death taxes. For example:

Numerator $\underline{\$50,000}$ Florida property

Denominator $\$100,000$ Property everywhere $= \frac{1}{2}$

$\frac{1}{2} \times$ federal credit (multiplicand) $= +$ nonresident estate tax

This formula is also found in Rule 12C-3.003, F.A.C., of the regulations of the Department of Revenue.

The first issue is whether the Florida estate tax unconstitutionally discriminates between resident estates and nonresident estates when it imposes a maximum estate tax for resident estates equal to the federal

---

[1] Art. VII, § 5(a): "No tax upon estates or inheritances . . . of natural persons who are residents or citizens of the state shall be levied by the state, or under its authority, in excess of the aggregate of amounts which may be allowed to be credited upon or deducted from any similar tax levied by the United States or any state."

[2] Section 198.02, Fla. Stats. "A tax is imposed upon the transfer of the estate of every person who, at the time of death, was a resident of this state, the amount of which shall be a sum equal to the amount by which the credit allowable under the applicable Federal Revenue Act for estate, inheritance, legacy, and succession taxes actually paid to the several states exceeds the aggregate amount of all constitutionally valid estate, inheritance, legacy, and succession taxes actually paid to the several states of the United States (other than this state) in respect of any property owned by such decedent or subject to such taxes as a part of or in connection with his estate. All values shall be as finally determined for federal estate tax purposes."

[3] Section 198.03, Fla. Stats. "A tax is imposed upon the transfer of real property situate in this state, upon tangible personal property having an actual situs in this state, upon intangible personal property having a business situs in this state and upon stocks, bonds, debentures, notes and other securities or obligations of corporations organized under the laws of this state, of every person who at the time of death was not a resident of this state but was a resident of the United States, the amount of which shall be a sum equal to such proportion of the amount of the credit allowable under the applicable Federal Revenue Act for estate, inheritance, legacy and succession taxes actually paid to the several states, as the value of the property taxable in this state bears to the value of the entire gross estate wherever situate."

credit for state death taxes minus any nonresident estate taxes paid sister states for property located there, while it does not allow a nonresident estate to deduct from the amount paid Florida as a nonresident the inheritance taxes paid its domiciliary state which, when more than the federal credit for state death taxes would mean the Estate owes Florida nothing.

To understand how the Florida estate works, a brief exploration of the federal credit for state death taxes is necessary.

In 1926 Congress was considering abolishing federal inheritance taxes because estate tax had traditionally been a source of revenue for the states.[4] Instead, Congress compromised. It kept the federal inheritance tax but allowed estates to take a credit (as distinguished from a deduction) against the federal inheritance tax of a graduated amount for taxes paid to states for estate taxes. In this way, the estate pays the state what would otherwise be paid the federal government.[5]

The federal credit is the amount of estate taxes paid any state, or the District of Columbia, on any property included in the federal gross estate, but limits the total credit to a graduated amount, contained in a table, based on the federal adjusted taxable estate, i.e., the gross estate less deductions and then minus $60,000.[6]

In 1924, Florida had a constitutional prohibition against estate tax. Florida, however, amended its Constitution in 1930 to allow Florida to receive the amount of the credit and, in 1931, passed its first estate tax —a so-called pickup tax.[7] In 1933 the Florida Legislature passed what is now the Florida Estate Tax: Chapter 198, Florida Statutes.

The constitutional amendment provided that Florida resident decedents could never pay Florida estate tax more than the federal credit for state death taxes. In addition, Florida resident decedents could subtract from the estate tax due Florida any nonresident estate taxes paid other states for property located there. This way Florida's taxes would never be a burden on the resident decedent's estate. There was, and is, no Florida constitutional prohibition concerning nonresident decedents. Thus, Florida could, theoretically, impose a true estate tax (not a pickup tax) upon the transfer of Florida property owned by a nonresident decedent's estate. Assuming, of course, that it could do so constitutionally.

---

[4] 67 Cong. Rec. 3625(1926); 67 Cong. Rec. 3684 (1926)

[5] 26 U.S.C.A. 2011

[6] 26 U.S.C.A. 2011(b)

[7] *Green v State,* 166 So.2d 585, 588-589 (Fla., 1984)

In the final complaint plaintiffs argue that the Florida estate tax on residents violates the Florida Constitution, specifically Art. I, § 2 and Art. I, § 9. Essentially, Art. I, § 2 of the Florida Constitution covers Equal Protection and Art. I, § 9, covers Due Process. A reading of the cases under Art. I, § 2 and § 6, of the Florida Constitution clearly that excise taxes (such as estate taxes) may be classified by the Legislature without violating Equal Protection or Due Process so long as any reasonable distinction between the subjects tax can be found.

The United States Supreme Court has held that there are reasonable distinctions between residents and nonresidents sufficient for a state to treat them differently for the imposition of an estate tax. *Maxwell v Bugbee,* 250 U.S. 525, 40 S.Ct. 2, 63 L.Ed 1124 (1919).

In that case, an attack was made on a New Jersey estate tax statute based on U.S. Constitutional arguments as follows:

(1) It taxes the estates of nonresidents more than those of residents and therefore gave to residents privileges and immunities denied to nonresidents.

(2) It provided for a tax which bore unequally and therefore was not imposed upon a uniform rule and it therefore denied to nonresidents the equal protection of laws.

(3) It taxes the transfer of a nonresident's property over which the State of New Jersey had no jurisdiction, which it expressly omitted like property of residents, that is, real estate without the state, and thereby deprived the nonresident of his property without due process of law.

The Court noted that inheritance taxes are based on two principles: (1) An inheritance tax is not one on property, but one on the succession, i.e., an excise or privilege tax. (2) The right to take property by devise or descent is the creature of the law, and not a natural right — a privilege, and therefore the authority which confers it may impose conditions upon it.

The Court then rejected all three attacks upon the New Jersey statute.

As for Privileges and Immunities, the Court held that the protection afforded to inherent rights in citizenship is not infringed by the taxation or transfer of property within the jurisdiction of a state passing by will or intestacy, where the decedent was a nonresident of the taxing state, even though the entire succession was taxed in the state where he resided. [This is so in the case at bar.]

It rejected the Equal Protection argument saying that the difference

76

in the manner of assessing transmission of property by decedents, as between resident and nonresident decedents, must be so wholly arbitrary and unreasonable as to be beyond any legitimate aims and authority of the state. The Court said that a resident decedent stands in a different relation to the state than a nonresident decedent. It reasoned that the resident's property is usually in the ready control of the state and easily open to inspection or discovery for taxation purposes by means quite different from those afforded in cases of local holdings of nonresident decedents. As to the resident decedent, his entire intangible, and usually most of his tangible property, pays a tax to the domiciliary state when transferred by will or intestacy. However, the transfer of the nonresident estate is taxed only so far as his estate is located within the jurisdiction of the state and only so far as it comes within the description of real property or tangible personal property [not intangibles]. The Court said that Equal Protection only requires equal operation of the law upon all persons in the same class and that the New Jersey statute levied taxes equally upon all interests passing from nonresident decedents. [This is so in the case at bar.]

The Court rejected the Due Process argument as taxing property beyond the jurisdiction of the state by saying that the subject matter was a privilege to succeed to property which was within the jurisdiction of a state. When a state levies taxes within its authority, property not itself taxable by the state may be used as a measure of the tax imposed. [This is so in the case at bar.]

*Maxwell v Bugbee* has never been overruled or receded from. It remains the law. Cases citing *Maxwell v Bugbee* as the current law for different treatment of resident and nonresident decedents' estates include the following: *Frost v Commissioner of Corporations & Taxation,* 293 N.E.2d 862, 871 (Mass., 1973); *Rigby v Clayton,* 164 S.E.2d 7 (North Carolina, 1968); *Tharalson v Department of Revenue,* 573 P.2d 298 (Oregon, 1978); *In re Lagergren's Estate,* 276 N.Y. 184, 11 N.E.2d 722 (N.Y. 1937). See also *Sweeney v Summers,* 571 P.2d 1067, 1070 (Colorado 1977). In addition, see *State ex rel Cochran v Lewis,* 159 So. 792, 795 (Fla. 1935) which cites *Maxwell v Bugbee* as authority for the constitutionality of the long arm statutes to reach nonresident motorists who have accidents in Florida.

Based on this case law, the Court finds no Constitutional prohibition to be violated by the different treatment of nonresidents and residents in Florida's estate tax. Section 198.03, Florida Statutes, is therefore constitutionally valid.

The Court notes in this case at bar that the allowable federal credit

for state death taxes was $141,091.50. The Estate paid Connecticut as a resident decedent $213,361.63—$72,270.13 more than the federal government allows a credit. If Dorothy S. Young had been a Florida resident decedent, her Estate would pay Florida only $141,091.50 (the federal credit) minus whatever it paid Connecticut as a nonresident for real and personal property located there.[8] As a resident decedent her Estate could never pay *Florida* more than the federal credit. Yet, logically, even as a nonresident decedent, her Estate could never pay the State of Florida more than the federal credit because the measure of a nonresident's tax is always a fraction less than a whole number, multiplied against the federal credit.

However, she retained her domicile in Connecticut. If Connecticut had a pickup tax like Florida, or allowed the Estate to deduct what it paid Florida (as Florida would for Connecticut, this case might be moot. But Florida is not responsible for the tax laws of Connecticut or, indeed, any other state. The burden on Connecticut's resident estate is placed on them by Connecticut, not Florida. Florida cannot require Connecticut to allow its resident estate to deduct what they pay other states, as Florida does. Even so, as we have seen, Florida will still never tax its nonresident estate more than the federal credit.

Lastly, plaintiffs urge that the case of *Department of Revenue v Good,* 398 So.2d 938 (Fla. 3d DCA, 1981) requires that Florida impose no estate tax on a nonresident decedent's estate if the domiciliary state imposes an estate tax exceeding the federal credit for state death taxes.

In *Dept. of Revenue v Good,* Clara C. Good, a Pennsylvania decedent, owned real property in Florida valued at $1,068,810.70, but it was encumbered by an even larger mortgage of $1,114,302.36. The federal credit for state death taxes was $4,202. Pennsylvania imposed on her estate an inheritance tax, as a resident, of $22,631.25. The Florida Department of Revenue imposed an estate tax on her estate, as a nonresident, of $2,520.62.

The Personal Representative filed a declaratory proceeding alleging that the Estate owed Florida nothing claiming that the tax on nonresi-

---

[8] Connecticut Succession Tax for residents taxes all intangibles, all real and tangible personal property in the state, while nonresidents only pay on real and tangible property in Connecticut. Section 12.340, Chapter 216, (1987) Conn. Gen. Stats. Ann. Succession & Transfer Taxation. The Court has, pursuant to proper motion, taken judicial notice of 24 states, all of which impose an estate tax on its resident estates equal to or or than, the federal credit. None of these states allow a credit or deduction for nonresident estate taxes paid other states, as Florida does for its resident taxes. These states are listed in the Appendix to this Judgment.

dents infringed on the Privileges and Immunities Clause and the Due Process Clause of the United States Constitution.

The District Court found that it unnecessary to reach the constitutional issues because the encumbered property "did not increase the federal estate tax and, consequently, contributed nothing to the credit allowable to Florida. Instead, the purchase money encumbrance constituted a liability and actually decreased the credit allowable in the respective states under the Federal Revenue Act." Thus, it said, this property could not be put into the fraction to be multiplied against the federal credit. It then held that, under this fraction, the Estate owed Florida nothing.

The Court, however, went on to say that they were merely construing the nonresident statute in an analogous way with the resident statute out of respect for Florida's interest in attracting investors which is summed up by the statement that "it costs no more to die in Florida" whether a resident of Florida or an owner of property subject to taxation in Florida.

It is these words in the *Good* case, plaintiffs urge, that require this Court to rule that the resident decedents of 24 other states,[9] whose estate tax is at least equal to the federal credit or more, cannot pay Florida any nonresident estate tax for the transfer of the real property and tangible personal property located here.

After careful analysis of the *Good* case, this Court finds the actual holding of the case to be that property which is encumbered by a mortgage equal to or greater than the value of the property cannot be used in the fraction to be multiplied against the federal credit to determine the Florida estate tax for a nonresident. This resulted in the Clara C. Good Estate paying Florida nothing as a nonresident. The remaining words, this Court believes, were merely an observation that it all equaled out for this particular nonresident estate. The Court is not alone in this analysis.[10] This Court is only bound to following the

---

[9] Connecticut Succession Tax for residents taxes all intangibles, all real and tangible personal property in the state, while nonresidents only pay on real and tangible property in Connecticut. Section 12.340, Chapter 216, (1987) Conn. Gen. Stats. Ann. Succession & Transfer Taxation. The Court has, pursuant to proper motion, taken judicial notice of 24 states, all of which impose an estate tax on its resident estates equal to or or than, the federal credit. None of these states allow a credit or deduction for nonresident estate taxes paid other states, as Florida does for its resident taxes. These states are listed in the Appendix to this Judgment.

[10] See The Florida Bar's volume *Florida State and Local Taxes,* Vol. I, Chapter 2, pp. 66, 67, Florida Estate Tax by Edward F. Koren.

holding of the case, leaving to an appellate court at some later time to decide whether the holding itself was correct.

The existence of any encumbrance or mortgage on the real property of the Estate of Dorothy S. Young that equalled or exceeded the value of the property has never been an issue alleged or urged by plaintiffs in this case. That being so, the Court finds the holding of the *Good* case to be inapplicable to the case at bar.

For the foregoing reasons, it is now

ORDERED and ADJUDGED that the claim for a refund of nonresident estate taxes paid Florida by the Estate of Dorothy S. Young should be, and is, hereby denied.

Done and Ordered in Chambers, Tallahassee, Leon County, Florida this 26th day of January, 1989.

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

DAVID B. YOUNG and
NATALIA Y. ROBINSON,

      Plaintiff,

vs.                          CASE NO. 86-2567
GERALD LEWIS, Comptroller,
State of Florida, and FLORIDA
DEPARTMENT OF REVENUE,

      Defendant.

_____/

## REQUEST FOR JUDICIAL NOTICE

Defendants, Gerald Lewis, Comptroller, State of Florida, and Florida Department of Revenue, through counsel, hereby request this Court to take judicial notice under s. 90.203, Florida Statutes, of the succession or transfer tax, estate tax, inheritance tax, or legacy tax of the following states:

1. Connecticut       Ch. 216, Ch. 217 (1987) Conn. Gen. Stat. Ann.

2. Delaware       Ch. 15 (1985), Ch. 13 (1985) and (1986 Supp.)

3. Idaho       Title 14, Ch. 4 (1987) Idaho Code

4. Iowa       Ch. 451 (1987) Iowa Code

5. Kansas       Ch. 79, Article 15 (1984) Kan. Stat. Ann.

6. Kentucky       Ky. Revised Stat. Ann., Ch. 140 (1982, 1986 Supp.)

7. Louisiana       La. Revised Stat. Ann. Title 47, Subtitle IV, Ch. 1

8. Maryland       Md. Ann. Code, Art. 62A (1983)

9. Massachusetts       ALM GL Ch. 65C (1987)

| | |
|---|---|
| 10. Michigan | MSA, Title 7, Ch. 61 (1984) |
| 11. Mississippi | Miss. Code Ann. 1972 (1987 Supp.) Title 27, Ch. 9 (1987) |
| 12. New Hampshire | NH Stat. Ann. Ch. 87 (1970), Ch. 86 (1970 & 1987 Supp.) |
| 13. New Jersey | NJ Stat. Ann., Title 54, Ch. 34 & 38 (1986) |
| 14. New York | New York Tax Law Art. 26, s. 952 |
| 15. North Carolina | NC Gen. Stat., Ch. 105, Art. 1 (1985) & (1987 Supp.) |
| 16. Ohio | Ohio Revised Code Ann., Title 57, Ch. 5731 (1985) |
| 17. Oklahoma | Oklahoma Stat. Ann., Title 68, Art. 8 (1981) |
| 18. Oregon | Oregon Revised Stat., Ch. 118 (187) |
| 19. Pennsylvania | Penn. Stat. Ann., Title 72, s.2485-401, 421, 441 (1964) |
| 20. Rhode Island | R.I. Gen. Laws, Title 44, Ch. 22 (1987) |
| 21. South Carolina | S.C. Code Ann., Ch. 15, Art. 1, 3, 5 |
| 22. South Dakota | S.D. Codified Laws Ann., Ch. 10-40A (1987) |
| 23. Tennessee | TN Code Ann., Title 67, Ch. 8 (Pt. 2) (1983, 1987 Supp.) |
| 24. Wyoming | Wyoming Stat., Title 39 & Ch. 6, Art. 8 (1985) |

Copies of the relevant statutes are attached.

Counsel further request this Court to take judicial notice that each of these states' succession or transfer tax, estate tax, inheritance tax, or legacy tax, or combination thereof, is designed to require resident decedents to pay the domiciliary state at least the amount of the federal credit for state death taxes.

WHEREFORE, Defendants respectfully request this Court to take Judicial Notice of those estate, inheritance, or succession taxes of those

states which always equal or is greater than the federal credit for state death taxes.

Respectfully submitted,

JIM SMITH
ATTORNEY GENERAL

_Joseph C. Mellichamp, III_
Assistant Attorney General
Department of Legal Affairs
The Capitol-Tax Section
Tallahassee, Florida 32399-1050
(904) 487-2142

_David Linn_
Assistant General Counsel
Florida Department of Revenue
P. O. Box 6668
Tallahassee, Florida 32314-6668
(904) 488-0712

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Edward Downey, Attorney for Plaintiffs, Gunster, Yoakley, Criser & Stewart, P.A., 777 South Flagler

Drive, West Palm Beach, Florida 33401-6194, this 23 day of February, 1988.

_David Linn_

David Linn                              Joseph C. Mellichamp, III