PER CURIAM.
The Estate of Barbara K. Heckert (estate), appeals from the trial court’s order denying its motion for final summary judgment and granting the cross-motion for summary judgment of the State of Florida, Department of Revenue (DOR).
On August 31, 1995, Barbara Heckert, a Pennsylvania resident, died. At the time of her death, Heckert and her surviving spouse owned real and tangible personal property in Monroe County as tenants by the entirety. The value of this property was included in Heekert’s federal gross estate. The assets were listed as jointly held assets on the U.S. Estate Tax Return on Form 706, and claimed as a marital deduction pursuant to the provisions of section 2056 of the Internal Revenue Code. Form 706 reflected a Federal State Death Tax credit of $70,490.91. The estate paid a Pennsylvania inheritance tax of $89,-257.89 on Heckert’s assets located within Pennsylvania.
In January 1996, the estate filed a Preliminary Notice and Report with DOR. On February 13, 1996, DOR issued a NonTaxable Certificate with a validation date of January 22, 1996. In August 1996, DOR notified the estate that the Florida Non-Taxable Certificate had been canceled and claimed that the state was entitled to $11,278.16 in Florida estate tax as its proportionate part of the federal state death tax credit. DOR also claimed a penalty in the amount of $2255.63 and $1029.87 interest. On February 20, 1997, DOR issued a Notice of Proposed Estate Tax Assessment. On April 2, 1997, the estate filed a protest with DOR. On September 3, 1997, DOR issued a notice of decision sustaining its earlier finding.
On November 10, 1997, the estate filed an amended complaint challenging the validity of the assessment of the Florida estate tax, penalty and interest by DOR. On August 24, 1998, the trial court entered an order granting DOR’s motion for summary judgment and denying the estate’s motion.
We agree with the estate that its position is consistent with this Court’s decision in Department of Revenue v. Good, 398 So.2d 938 (Fla. 3d DCA 1981). Accordingly, on the authority of Good, we reverse the Final Summary Judgment entered on behalf of the State of Florida and remand with instructions to enter final summary judgment in favor of the estate.
Reversed and remanded with instructions.